[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14299
Non-Argument Calendar
_____

Agency No. A074-790-708

USSIEL A. HERNANDEZ,

Petitioner,

versus

US ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 23, 2013)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Ussiel Hernandez seeks review of the Board of Immigration Appeals' (BIA) final order affirming the Immigration Judge's (IJ) decision denying Hernandez asylum and withholding of removal.

We review only the decision of the BIA, "except to the extent that the BIA has expressly adopted the IJ's decision." *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007). Where the BIA explicitly agrees with particular findings of the IJ, we review both the BIA and the IJ's conclusions regarding those issues. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010). We review a factual determination by the BIA that an alien is statutorily ineligible for asylum or withholding under the highly deferential substantial evidence test. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283–84 (11th Cir. 2001). To qualify for asylum, an alien must show past persecution or a well-founded fear of persecution because of his political opinion or on other protected ground. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006) (per curiam).

Hernandez was a local elected official in Mexico. He claims that he was targeted with death threats by members of a rival political party after his term in office ended. He supports his petition with evidence, including testimony by two witnesses, of violence between his party and the rival party.

After review of the briefs and the record, we find that there is substantial evidence in support of the BIA's conclusion that Hernandez is ineligible for

2

asylum.  The IJ offered specific and cogent reasons for its adverse credibility determination, and Hernandez presented no evidence actually documenting the alleged threats.

The BIA's alternative finding that Hernandez did not establish past persecution or a well-founded fear of future persecution is also supported by substantial evidence.  As the BIA stated, Hernandez

> was never harmed, or even directly confronted, by his alleged persecutors.  After living in the United States for fifteen years, he did not demonstrate that the [rival] party members in his hometown would continue to care about his whereabouts or be awaiting his return. [Hernandez] also did not adequately explain why he could not relocate upon removal.

Further, the BIA's conclusion that Hernandez's testimony was implausible in certain respects, including his explanation for his failure to contact the police about the alleged threats and why he received no threats until well after he left office, is supported by the record.  Therefore, Hernandez is not entitled to asylum.

Finally, because Hernandez is not entitled to asylum, he cannot qualify for withholding of removal, which has a more stringent standard for eligibility.  *Rivera v. U.S. Att'y Gen.*, 487 F.3d 815, 820–21 (11th Cir. 2007).

Accordingly, we deny Hernandez's petition.

**PETITION DENIED.**

3